## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RONNIE WOODALL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:20-CV-554-LY** |
| **QUALITY BICYCLE PRODUCTS,** | § | |
| **INCORPORATED AND RUSSELL T.** | § | |
| **PICKAVANCE II, INDIVIDUALLY** | § | |
| **AND D/B/A CYCLEAST,** | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE LEE YEAKEL
### UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Application for Recovery of Attorneys' Fees and Costs, filed September 3, 2020 (Dkt. 29), and the associated response and reply briefs. The District Court referred the motion to the undersigned for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.    BACKGROUND

On April 10, 2020, Plaintiff Ronnie Woodall filed a state court action seeking damages for injuries he allegedly sustained when a bicycle manufactured by Defendant Quality Bike Products, Inc. and sold by Defendant Russell T. Pickavance II, individually and d/b/a Cycleast (collectively, "Cycleast") disassembled during use. Dkt. 1-1. Defendants filed a Notice of Removal based on diversity jurisdiction, claiming that Defendant Pickavance was improperly joined. Dkt. 1. Woodall subsequently moved to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 21. On August 20, 2020, the District Court entered a Final Judgment granting Woodall's motion and

Case 1:20-cv-00554-LY   Document 33   Filed 12/01/20   Page 2 of 6

ordering dismissal of all claims against Cycleast without prejudice. Dkt. 28. The Final Judgment provides that Cycleast is "awarded its reasonable and necessary attorneys' fees and costs to be determined pursuant to Local Rule CV-7(j)." *Id*. at 2. Cycleast requests attorneys' fees of $18,906.50 and $400.00 in costs.

## II.   ANALYSIS

### A. Attorneys' Fees

Woodall contends that the District Court's award of attorneys' fees and costs is limited to Cycleast and should not include fees or costs for Defendant Quality Bicycle Products. The Court disagrees. The District Court's Final Judgment states that "Cycleast is awarded its reasonable and necessary attorney's fees and costs," and defines the term "Cycleast" to refer to both defendants collectively. Dkt. 28 at 1, 2. The Court therefore determines the amount of fees and costs to be awarded for both defendants.

Courts use the "lodestar method" to calculate an appropriate fee award. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *Id.* There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] The party seeking fees has the burden to

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability

show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

### 1.  Hourly Rates

Cycleast seeks an hourly rate of $195 per hour for partner work and $170 per hour for associate work. Dkt. 29-1 ¶ 7. Lead attorney R. Wayne Gordon submitted an affidavit in support of the application in which he states that for a case of this nature "in the Western District of Texas, a reasonable rate for attorney's fees is between $150 and $300 an hour." *Id.*

Gordon's affidavit provides information regarding his practice and years of legal experience, but contains no biographical information for the other four attorneys for whom fees are sought. Dkt. 29-1.

Cycleast has requested $18,906.50 in fees for 104.2 hours worked, resulting in a blended hourly rate of $181.44. Despite the lack of biographical information, the Court finds that the blended hourly rate of $181.44 is within the reasonable market rate in the Western District of Texas. *See Am. Acad. of Implant Dentistry v. Parker,* Cause No. AU-14-CA-00191-SS, 2018 WL 401818, at *4 (W.D. Tex. Jan. 11, 2018) (approving hourly rate of $275 and $375 for attorneys with 11 and 25 years' experience, respectively); *Medina v. Fed. Janitorial Serv.*, No. EP-12-CV-350-PRM, 2013 WL 8480147, at *6 (W.D. Tex. Sept. 24, 2013) (stating that court may rely on prior decisions and knowledge of prevailing market rates).

### 2.  Time Expended

Next, the Court reviews the time records to determine whether the hours expended on the case are reasonable. The reasonable number of hours is determined by eliminating duplicative,

---

of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

unproductive, excessive or otherwise unnecessary hours. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Plaintiff contends that Cycleast claims an unreasonable amount of time to prepare the Notice of Removal (Dkt. 1), the Defendants' Original Answers to Plaintiff's First Amended Complaint (Dkts. 18 and 19), and Defendants' Response to the Motion for Voluntary Dismissal (Dkt. 23). Dkt. 30 at 3.

The time entries submitted by Cycleast lack narrative descriptions that would allow the Court to determine whether they are duplicative or excessive. *See Walker,* 99 F.3d at 768 ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." (quoting *Johnson*, 488 F.2d at 717)). The Court finds that Cycleast has not met its burden to show that its counsel exercised reasonable billing judgment.

Cycleast provides time entries from four different attorneys totaling 30.4 hours relating to the Notice of Removal, with a fee total of $5,360.50. Dkt. 29-1 at 6. The Notice of Removal is an eight-page document with copies of previously filed documents serving as seven of its eight exhibits, yet the associate work related to its filing totals 22.7 hours and the partner work is 7.7 hours. *Id.* Cycleast provides time entries from four different attorneys totaling 15.5 hours relating to the Original Answers to the First Amended Complaint by Defendant Quality Bicycle Products, Inc. (10.2 hours) and Defendant Pickavance d/b/a Cycleast (5.3 hours). The Answers are nearly identical. Dkt. 18; Dkt. 19. Cycleast provides time entries from five different attorneys totaling 17.3 hours relating to the Defendants' Response to Plaintiff's Motion for Voluntary Dismissal with a fee total of $3,166.00. The Response is an eight-page document, yet two associates billed a total of 8.3 hours and three partners billed a total of 9 hours. Dkt. 29-1 at 8.

Because it is not clear from the time records that the hours spent by Cycleast's attorneys working on this case were not duplicative and excessive, the Court finds that a reduction of 20% of the total

4

hours claimed is appropriate. *See West v. Zedric's LLC*, Civil Action No. SA-19-CV-00556-FB, 2019 WL 6522828, at *6 (W.D. Tex. Dec. 3, 2019) (recommending 30% reduction in hours claimed due to inefficiencies and duplication of work created by five attorneys working at various times); *Furlow v. Bullzeye Oilfield Servs., Inc.*, Civil Action No. SA-15-CV-1156-DAE, 2019 WL 1313470, at *7-8 (W.D. Tex. Jan. 3, 2019) (recommending 37.5% reduction in hours claimed by each timekeeper for failure to exercise billing judgment). After the 20% reduction, the total reasonable number of hours is 83.4.

### 3. Computation of the Lodestar Amount

Multiplying 83.4 reasonable hours by the reasonable hourly rate of $181.44, the lodestar amount is $15,132.10. The Court finds that the base lodestar amount adequately takes into consideration the *Johnson* factors, and no further adjustment is warranted. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

### B. Costs and Expenses

Most cases under Rule 41(a)(2) involve conditions that require payment of costs and attorneys' fees. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). The District Court determined that Cycleast is entitled to an award of costs and expenses. Dkt. 28 at 2. The Court finds that Cycleast is entitled to recover $400.00 in costs for the filing fee to remove the case to federal court. Dkt. 29-1 ¶ 9.

### III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** Cycleast's Application for Recovery of Attorneys' Fees and Costs (Dkt. 29) and award attorneys' fees in the amount of $15,132.10 and $400 in costs. The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** December 1, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE